# EXHIBIT E

**IN THE MATTER OF THE ARBITRATION BETWEEN**

| | |
|---|---|
| WEISBROD MATTEIS & COPLEY PLLC, ) | |
| ) | |
| *Claimant*, ) | |
| ) | |
| v. ) | JAMS REF. NO. 1410008117 |
| ) | |
| GEORGE HECKLER, ) | |
| ) | |
| *Respondent*. ) | |
| _____) | |

**FINAL AWARD**
**(January 31, 2020)**

Claimant Weisbrod Matteis & Copley PLLC ("WMC") commenced this arbitration against Respondent George Heckler ("Heckler")[1] seeking unpaid attorneys' fees and other relief. An evidentiary hearing in this matter was held on July 10, 2019. Most unfortunately, the assigned arbitrator, Hon. James Robertson (Ret.), died prior to the issuance of a final award in the matter. The undersigned, Hon. Richard A. Levie (Ret.), by agreement of the parties, was appointed as Successor Arbitrator ("Arbitrator") on September 30, 2019.

The Parties

WMC is a law firm based in Washington, District of Columbia. Heckler is an individual residing in Charleston, South Carolina.

Procedural Background of the Arbitration

The instant arbitration was commenced by the service of a Demand for Arbitration, dated March 8, 2019. In a Scheduling Order, dated May 20, 2019, Judge Robertson allowed WMC to serve an amended demand. On May 22, 2019, WMC served a First Amended Demand for Arbitration consisting of a count alleging breach of contract and adding a count alleging fraud. (Hearing Exhibit 55). Heckler, with the assistance of an attorney at Dilworth Paxson LLP,[2] served an Answer to the First Amended Demand, dated June 13, 2019. (Hg. Exh. 56).

_____

[1] Intending no disrespect, the Arbitrator, after an initial reference to the full name of each individual, will refer to each individual by her/his surname in this Final Award for ease of drafting.

[2] Counsel assisting Heckler in preparing the Answer to the Amended Demand became counsel of record for Heckler later in the proceedings.

As noted above, an evidentiary hearing was held before Judge Robertson on July 10, 2019. WMC was represented by Shelli L. Calland, Esq. and Stephen Weisbrod, Esq.. Heckler represented himself. Oral testimony was presented by Weisbrod and Heckler. Sixty-five exhibits were admitted in evidence without objection.[3] After hearing oral testimony and closing arguments from Calland and Heckler, Judge Robertson indicated that he would issue an award for

> $455 thousand and whatever it is dollars, minus $770. I will add pre-judgment interest from 30 days after the date that WMC withdrew from the case. . . . I will also award attorneys' fees for the – for the fees that the law firm had to pay and arbitration fees that they had to pay in order to get this far. . . . I'm going to add $100,000 to the award for fraud. . . . [Judge Robertson told WMC to serve proposed FOF/COL, serve them on Heckler after which Heckler would have 10 days] to respond or object . . . .

(Hearing Transcript at 173, 175-76).

WMC submitted its proposed FOF/COL on August 8, 2019. Heckler did not respond to WMC's submission or otherwise submit his own proposed FOF/COL. As noted, Judge Robertson died before issuing an award.

Upon appointment, the Arbitrator received letters from WMC and Heckler over the issue of whether or not the Arbitrator should enter an award based on Judge Robertson's comments at the hearing as noted above (WMC request) or hold a new evidentiary hearing (Heckler request). The Arbitrator reviewed the letters from the parties submitted in September and October, 2019.[4] In addition to the letters noted, the Arbitrator also reviewed the First Amended Demand, Respondent's Answer to the First Amended Demand, the transcript of the July 10, 2019 hearing before Judge Robertson, the exhibits admitted at the July 10 hearing and Claimant's August 8, 2019 Proposed Findings of Fact and Conclusions of Law. The Arbitrator held a telephonic conference call with the parties on October 21, 2019.

In an October 21, 2019, Scheduling Order #2, the Arbitrator, having reviewed the materials noted above, and following the telephone conference with WMC and Heckler, concluded: (a) that no new evidentiary hearing was necessary or appropriate and (b) that an award should be based on the Arbitrator's review of the record produced in this matter plus consideration of matters submitted pursuant to this Scheduling Order. In Scheduling Order #2 the Arbitrator stated that he did "not feel bound to merely apply Judge Robertson's thinking as reflected in the July 10 transcript. Rather, the Arbitrator believe[d] that an award should be based

---

[3] Exhibits 41 and 67 were not offered into evidence. (Hearing Tr. at 119-120).

[4] In his letters concerning the issue of conducting a new evidentiary hearing, Heckler noted his consultation with the law firm of Dilworth Paxson in preparing his letters.

2

on the Arbitrator's review of the record produced to date in this matter plus consideration of any matters submitted pursuant to this Scheduling Order."

In Scheduling Order #2, the Arbitrator requested the parties to submit amended findings of fact and conclusions of law[5] and to respond to several questions/issues noted by the Arbitrator. Responses to Scheduling Order and the requested FOF/COL were submitted on November 22, 2019, December 13, 2019 and December 19, 2019. With permission of the Arbitrator, Heckler submitted a Response to WMC's Reply on January 3, 2020.

*Further Reasons for not Conducting a New Evidentiary Hearing*

At the hearing before Judge Robertson on July 10 both WMC and Heckler had full opportunity to present oral testimony and documents in support of their respective positions. At no time did Heckler seek to present any additional evidence or claim that he was denied an opportunity to present testimony or argument in support of his position or to challenge WMC.

Significantly, there was and is no issue presented concerning the credibility of Heckler or Weisbrod, the only witness for WMC. Moreover, in requesting a new evidentiary hearing Heckler did not proffer that he had any new evidence in the form of testimony or documents to present at any new hearing.

In support of his request for a new evidentiary hearing Heckler argued that Judge Robertson's post-testimony/post-closing arguments did not represent a final determination by Judge Robertson, that JAMS' Rules [22(i)] gives this Arbitrator the power to reopen the record and that the Advisory Committee Note to Fed. R. Civ. P. 63 and the case of *Townsend v. Gray Line Bus Co.,* 767 F.2d 11 (1st Cir. 1985) require a new hearing. The Arbitrator does not find these arguments persuasive.

As WMC noted in its October 15, 2019, letter (at 2), WMC

> is not arguing that [the Arbitrator] is 'bound' by the decision Judge Robertson made on the record at the conclusion of the July 10 hearing. Rather, WMC is arguing that [the Arbitrator] *should* enter an award consistent with Judge Robertson's decision – without holding an additional evidentiary hearing – because the decision was amply supported by the evidence . . . .

This Final Award is based only on the oral testimony, documents and closing arguments presented on July 10, plus the materials submitted by WMC and Heckler in response to Scheduling Order #2. Comments made by Judge Robertson on July 10 regarding his views of the evidence and his experience in a law firm are not taken into account in the preparation of this Final Award.

While JAMS' Rule 22(i) indeed gives an arbitrator the authority to re-open the record *sua sponte* or based on a showing of good cause by a party, good cause has not been shown here and the Arbitrator finds no basis to exercise such authority *sua sponte* in this matter. This is

---

[5] Amended FOF/COL in the case of WMC, but initial ones in the case of Heckler.

particularly so where Heckler has proffered nothing to show that he was deprived of the opportunity to present evidence at the July 10 hearing or that he had any new testimony or documents to present at any new hearing.

While Heckler correctly quotes a sentence from Fed. R. Civ. P. 63 and a portion of the 1991 Advisory Committee Note for that rule, the Arbitrator does not find that either support Heckler's position here. First, there is nothing in the May 1, 2018, Engagement Letter's dispute resolution provisions (Hg. Exh. 1) that makes Rule 63 applicable, let alone binding here. Second, the 1991 Advisory Note, in pertinent part, states

> The revised text authorizes the substitute judge to make a finding of fact at a bench trial based on evidence heard by a different judge. This may be appropriate in limited circumstances. . . . the successor judge may determine that particular testimony is not material or is not disputed, and so need not be reheard

The scenario contained in the Advisory Committee Note is the situation here where this Arbitrator need not make credibility decisions. Indeed, the post-hearing submissions show virtually no dispute about the evidence. The issue is what inferences and conclusions can/should be drawn from the evidence. The fact that parties disagree about the legal consequences of certain conduct and/or statements is not a basis to hold a new evidentiary hearing.

Indeed, the short answer to the Rule 63 argument is that the Federal Rules of Civil Procedure, in the absence of a contractual provision indicating their applicability, do not apply here – in an arbitration. Moreover, *Townsend* was decided under the pre-1991 version of Rule 63. As the Ninth Circuit noted in *Patelco Credit Union v. Sahni*, 262 F.3d 897, 906 (9th Cir. 2001) "as an alternative to stepping into the shoes of the unavailable district judge under Rule 63,'the successor judge may examine the trial transcript as if it were ' 'supporting affidavits' ' for summary judgment purposes and enter summary judgment if no credibility determinations are required." Here, there are no credibility decisions to be made because no party at the evidentiary hearing or in any documents filed thereafter raised credibility as an issue.

Moreover, the Arbitrator concludes that the materials submitted by WMC and Heckler in response to Scheduling Order #2 further support the earlier decision to rule on the record presented before Judge Robertson and the decision not to hold a new evidentiary hearing. The post-Scheduling Order #2 materials focus on legal arguments and conclusions to be drawn from the evidence produced on July 10. The recently submitted materials, like those submitted after the appointment of the Arbitrator, do not contain proffers of any evidence not produced on July 10 that would be produced in a new hearing.

In rendering this Final Award, the Arbitrator has considered all of the materials noted above in the preparation of this Final Award, but does not rely on statements made by Judge Robertson or make any credibility determinations.

<u>Factual Background</u>[6]

*Establishment of an Attorney-Client Relationship*



*Heckler's Representations and Omissions*



---

[6] Based upon the Arbitrator's review of the record, this Final Award will set out only the facts which the Arbitrator concludes are necessary to explain the decisions reached here or otherwise place matters in context. The Arbitrator will not set out every fact established at the evidentiary hearing. Inasmuch as all pertinent conversations were between Heckler and Weisbrod, references to WMC, regarding conversations, means Weisbrod.

5





*Work Undertaken by WMC on Behalf of Heckler and LS One*



*WMC's Invoices and Heckler's Payments*



*Heckler's Communications with WMC Regarding Payment*



9



*WMC Reliance on Heckler's Representations*



*Issues re: WMC Billing*





## Discussion[9]

*Breach of Contract*

Under District of Columbia law, the Claimant states a claim for breach of contract if the following is established: "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by [the] breach." *Bonfire, LLC v. Zacharia*, 251 F. Supp. 3d 47, 51 (D.D.C. 2017) (citations and quotations omitted).



---

[9] The Arbitrator has considered Heckler's arguments set out in his December 13, 2019 Reply to WMC's Response to Questions Raised in Schedule Order #2 and his January 3, 2020 Response in Opposition to WMC's Reply. Arguments by Heckler raised in his post-hearing submissions but not explicitly addressed in this Final Award should be deemed rejected.

12



In these circumstances, the Arbitrator finds and concludes that WMC has proven its breach of contract claim by more than a preponderance of the evidence and is entitled to an award of $454,045.81 for breach of contract.

*Fraud*



Under District of Columbia law, the Claimant establishes fraud, by clear and convincing evidence, if the Claimant shows that the Respondent made

> (1) a false representation (2) in reference to a material fact, (3) with knowledge of its falsity, (4) the intent to deceive, and (5) action is taken in reliance upon the representation. When, as here, the issue involves a commercial contract negotiated at arm's length, the party alleging fraud must also show that any reliance was reasonable.

*McMullen v. Synchrony Bank*, 300 F. Supp. 3d 292, 301 (D.D.C. 2018) (citations and quotations omitted); *see also Jacobson v. Hofgard*, 168 F. Supp.3d 187, 195 (D.D.C. 2016); *Regan v. Spicer HB, LLC*, 134 F. Supp.3d 21, 35-36 (D.D.C. 2015).

13

The court in *Jacobson*, 168 F. Supp.3d at 196, summarized examples of fraud:

> Under District of Columbia law, "a statement literally true" is nonetheless "actionable if made to create a false impression." *Remeikis v. Boss & Phelps, Inc.*, 419 A.2d 986, 989 (D.C.1980). The Restatement (Second) of Torts concurs with this view: "A representation stating the truth so far as it goes but which the maker knows or believes to be materially misleading because of his failure to state additional or qualifying matter is a fraudulent misrepresentation." Restatement (Second) of Torts § 529 (1977). In other words, "a statement that contains only favorable matters and omits all reference to unfavorable matters is as much a false representation as if all the facts stated were untrue." *Id.* § 529 cmt. a.

The evidence in this case, as set forth above and below, establishes fraud in the inducement by more than clear and convincing evidence.



14





The evidence noted easily supports a finding and conclusion that, at the times Heckler made these representations about material facts, half-truths and misleading statements, he knew they were false. No one was in a better position than Heckler to know the falsity of what he said and wrote. Given the number of oral and written misrepresentations over an extended period of time, the Arbitrator finds and concludes that it is fair to infer and, indeed, conclude that Heckler knowingly made the statements and half-truths with the intent to deceive WMC as to his [Heckler's] financial circumstances and assets. It is a fair conclusion based on the evidence adduced that, had Heckler been honest about his financial situation and assets, he would not have been able to get WMC to represent him or continue to represent him. In these circumstances, the Arbitrator finds and concludes that there was a knowing and actual intent to deceive on the part of Heckler to obtain and maintain representation by WMC.





Based upon the evidence noted above, the Arbitrator finds and concludes that WMC has proven by clear and convincing evidence that Heckler committed fraud in his statements and representations in order to induce, obtain and maintain representation by WMC. WMC therefore is entitled to an award against Heckler for fraud.

*Damages for Fraudulent Inducement*

WMC contends that it is entitled to claim damages for breach of contract and, at the same time, for fraudulent inducement, but acknowledges that it cannot get a double recovery. (WMC's Response at 2). In *Ludwig & Robinson, PLLC v. Biotechpharma, LLC*, 186 A.3d 105, 109-110 (D.C. 2018), the Court stated that:

> This court stated in [*Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1089 (DC 2008)] that "a cause of action that could be considered a tort independent of contract performance is a viable claim" if the tort "exist[s] in its own right independent of the contract[ ] and any duty upon which the tort is based ... flow[s] from considerations other than the contractual relationship." 961 A.2d at 1089. We further explained that "conduct occurring during the course of a contract dispute may be the subject of a fraudulent ... misrepresentation claim when there are facts separable from the terms of the contract upon which the tort may independently rest and when there is a duty independent of that arising out of the contract itself, so that an action for breach of contract would reach none of the damages suffered by the tort." *Id.* The latter clause means that a category of damages may be the subject of a fraudulent misrepresentation claim if it does not "fall within the realm of recoverable contract damages"

17

and is not "potentially compensable under contract principles." *Id.* at 1089–90.

In the situation here the independent duties involve telling the truth, not failing to disclose facts that "materially qualify those stated," not making "misleading half truths" or making statements which, although literally true, are made to "create a false impression." *Ehrlich v. Real Estate Comm'n*, 118 A.2d 801, 802 (D.C. 1955); *Remeikis v. Boss & Phelps, Inc.*, 419 A.2d 986, 989-990 (D.C. 1980); *Jacobson*, 168 F. Supp. 3d at 196-98, 200; *Ludwig*, 186 A.3d at 110-11. Heckler violated all of these duties.

As noted above, the Arbitrator finds and concludes that Heckler made fraudulent misrepresentations before signing the Engagement Letter and during the course of the representation. Heckler's misrepresentations constitute the requisite independent acts and conduct separate from the contractual obligations. Thus, WMC properly brought and proved a claim for fraudulent inducement, in addition to breach of contract.



The damages suffered by WMC as a result of Heckler's fraud is based on what WMC lost as a result of the fraud or, put differently, are an amount intended to place WMC in the position it would have been if it had no taken on representation of Heckler. [*See, Ludwig*, 186 A.3d at 116; *Espaillat v Berlitz Sch. of Languages of Am., Inc.* 383 F.2d 220, 223 (D.C. Cir. 1967); *United Sec. Corp. v. Franklin*, 180 A.2d 505, 510 (D.C. 1962)]. The amount of damages for the fraud in this case is the same as incurred by the breach of the contract.[11]

Accordingly, WMC is awarded $454,045.81 as compensatory damages for fraud against Heckler.

---

*Attorneys' Fees*

WMC seeks to recover the attorneys' fees ($124,694.00) and costs ($1,790.70) expended in connection with this arbitration for a total of $126,484.70. In support of this claim, WMC submitted itemized timesheets for work done from the inception of this arbitration through November 22, 2019. (WMC's Response to Questions Raised in Scheduling Order #2, Exhs. A & B).

WMC contends that recovery of its attorneys' fees and costs in connection with this arbitration are permissible as compensatory damages for fraudulent inducement or as punitive damages. Heckler does not raise any objection or argument as to the amount of fees and costs sought in connection with the arbitration. Rather, citing *Ludwig*, 186 A.3d at 115, Heckler asserts that "the law of the District of Columbia does not allow shifting attorney's fees to the losing party absent a showing of 'gross fraud';" and contends that there is no allegation or proof here of "gross fraud." (George Heckler's Reply to WMC's Response to Questions Raised in Scheduling Order #2 at 11-12).

JAMS Comprehensive Arbitration Rule 22(g) provides:

> The Award of the Arbitrator may allocate attorneys' fees and expenses and interest (at such rate and from such date as the Arbitrator may deem appropriate) if provided by the Parties' Agreement or allowed by applicable law.

The Engagement Letter (Exh. 1) has no provision regarding attorneys' fees and costs arising in an arbitration to recover fees and costs related to an arbitration. WMC's request for fees and costs thus rests upon the applicable law in the District of Columbia. WMC notes that the D.C. Court of Appeals stated that

> '[I]n tort actions for fraud or fraudulent inducement,' however, our jurisdiction recognizes the principle that "the perpetrator of a fraud is liable to respond in such damages as naturally and proximately resulted from the fraud, and the proximate result rule should be employed in a flexible manner." *Espaillat v. Berlitz Schs. of Languages of Am., Inc.*, 383 F.2d 220, 222 (D.C. Cir. 1967) (internal quotation marks omitted). Under that flexible approach, if [Plaintiff] is able to prove fraudulent inducement by the [Defendants] and the expenses [Plaintiff] has incurred in pursuing its claims for payment under the contract against the [Defendants], it may be entitled to recover those expenses as an item of compensatory damages . . . . *Cf. Hundley v. Johnston*, 18 A.3d 802, 809 (D.C. 2011) (holding that where attorneys' fees are in essence compensatory damages for a tort, they may be allowed).

*Ludwig*, 186 A.3d at 114-15.

In opposing WMC's request, Heckler cites another portion of *Ludwig* (*id.*) where the court stated that

In seeking 'it's reasonable attorney's fees incurred in having to bring this suit as an additional item of damage,' [Plaintiff] also relies on cases applying the "almost universally recognized rule that [counsel fees] may be recovered in ... cases where the wrongful action complained of is characterized by ... gross fraud on the part of the defendant." _Schlein v. Smith_, 160 F.2d 22, 25 (App. D.C. 1947) (quoting _Ballard v. Spruill_, 74 F.2d 464, 466 (App. D.C. 1934) ). We express no opinion as to whether the factual allegations in this case, if proven, satisfy that standard. We do hold that [Plaintiff] was entitled to attempt to prove its entitlement to such damages for the alleged fraud.

The Arbitrator reads _Ludwig_ as establishing the rule that, when a party proves fraudulent inducement by clear and convincing evidence, the flexible approach noted there permits recovery of attorneys' fees and costs incurred as a proximate result of the fraud. This is the case here. The Court of Appeals in _Ludwig_ declined to opine on whether a finding of "gross fraud" was required and opted instead to follow a "flexible approach."

Even if a finding of "gross fraud" were required to sustain an award of attorneys' fees and costs, such a finding is amply supported by the evidence here. ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

WMC attached invoices for its work in connection with prosecuting the instant arbitration from March 1, 2019 to November 22, 2019. (WMC's Response to Questions, Exhs. A & B). The invoices detail the date on which work was done, the person performing the work, information about the work performed, the time spent, the amount charged and the hourly rate of the person performing the work.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In post-hearing briefing, Heckler challenges WMC's claimed entitlement to any award of attorneys' fees and costs, but advances no challenge to the work done, the time spent or the amount charged.

The Arbitrator has reviewed the invoices, the pre-hearing written exchanges between the parties and with the Arbitrator, the transcript of the July hearing, the exhibits submitted during the hearing and the post-hearing submissions to the Arbitrator. Based on this review, the Arbitrator finds and concludes that the work at issue was necessary to the prosecution of this

20

arbitration, was done in a highly organized and professional manner, achieved the desired result, the amount billed was reasonable and was not excessive. Insofar as Heckler complains about block billing, the invoices do not raise any concerns about inappropriate block billing. *See In re (Vivian) Brown*, 211 A.3d 165, 168 (D.C. 2019).

WMC seeks $1,790.70 for outside duplicating costs. Heckler makes no challenge to this claim. Having examined the documents submitted as exhibits and the post-hearing briefing, the Arbitrator finds and concludes that the amount sought for costs is reasonable.

Accordingly, the Arbitrator awards WMC attorneys' fees in the amount of $124,694.00 and costs in the amount of $1,790.70 for a total of $126,484.70 as compensatory damages for Heckler's fraudulent conduct.

## Pre-Award Interest

In its Response to Questions Raised in Scheduling Order #2, WMC calculated pre-award (prejudgment) interest [*see* D.C. Code § 28-3302(a); 6% per annum] from March 27, 2019 (30 days after withdrawing from representation of Heckler and LS1) to November 27, 2019 as $18,286.80. In his Reply to WMC's Response (at 13) above, Heckler acknowledged that "WMC is entitled to . . . prejudgment interest of $18,286.80 (as an operation of law)."

In response to the Arbitrator's request, WMC submitted an updated calculation (March 27, 2019 to January 31, 2020) for a total pre-award (prejudgment) interest in the amount of $23,212.31(January 27, 2020 submission). By email, dated January 29, 2020, counsel for Heckler agreed with WMC's calculation of pre-award interest.

The Arbitrator finds and concludes that, based on the amount owed of $454,045.81, WMC is entitled to an award of pre-award interest in the amount of $23,212.31.

## Arbitration Fees and Costs

During this arbitration proceeding WMC and Heckler have been invoiced monthly by JAMS for the arbitration fees and costs of the proceeding. WMC asserts that all the arbitration fees and costs have been paid exclusively by WMC; WMC seeks an award in its favor of all arbitration fees and costs. (WMC's Response at 13-14)

The arbitration fees and costs for this arbitration are:

| | |
|---|---|
| JAMS filing fee | $ 1,500.00 |
| Fees-Hon. James Robertson (Ret.). | $ 4,257.91 |
| Case Management Fee | $ 510.00 |
| Fees -Hon. Richard A. Levie (Ret.) | $14,759.09 |
| Case Management Fee | $ 1,770.60 |
| Total arbitration fees and costs | $22,797.60 |

21

As noted above, WMC has paid JAMS the entire amount of arbitration fees and costs.

JAMS Rule 22(f) provides that "[t]he Award of the Arbitrator may allocate Arbitration fees and Arbitrator compensation and expenses, unless such an allocation is expressly prohibited by the Parties' Agreement. The Engagement Letter (Exh. 1) does not prohibit an allocation.

JAMS Rule 31(c) provides that:

> (c) The Parties are jointly and severally liable for the payment of JAMS Arbitration fees and Arbitrator compensation and expenses. In the event that one Party has paid more than its share of such fees, compensation and expenses, the Arbitrator may award against any other Party any such fees, compensation and expenses that such Party owes with respect to the Arbitration.

WMC is entitled to an award for having advanced Heckler's pro-rata share (1/2) of the JAMS fees and costs.

In these circumstances, the Arbitrator finds and concludes that it is proper, just and within the scope of JAMS Rule 22(f) for the Arbitrator to allocate WMC's pro-rata share of the JAMS fees and costs ($11,398.80) to be paid by Heckler. In addition, pursuant to JAMS Rule 31(c), WMC is awarded $11,398.80 as reimbursement for advancing Heckler's pro-rata share of the fees and costs. The total to be awarded WMC for the fees and costs is $22,797.60.

### Punitive Damages

In all the circumstances of this case and relief awarded WMC, the Arbitrator elects not to award punitive damages.

### Award

Based on the foregoing, the Arbitrator finds and concludes that:

- Claimant Weisbrod Matteis & Copley PLLC is awarded $454,045.81 against George Heckler as damages for Heckler's breach of contract.

22

- Claimant Weisbrod Matteis & Copley PLLC is awarded $454,045.81 against George Heckler as damages for Heckler's fraud.

- Claimant Weisbrod Matteis & Copley PLLC must elect between collecting on the award for breach of contract and on the award for fraud.

- Claimant Weisbrod Matteis & Copley PLLC is awarded $23,212.31 in pre-award interest against George Heckler for the period of March 27, 2019 to January 31,2020.

- Claimant Weisbrod Matteis & Copley PLLC is awarded $126,484.70 as compensatory damages for attorneys' fees and costs expended in prosecuting this arbitration against George Heckler.

- Claimant Weisbrod Matteis & Copley PLLC is awarded $22,797.60 for arbitration fees and costs. This sum is for George Heckler's pro-rata share of fees and costs paid by Weisbrod Matteis & Copley PLLC and for Weisbrod Matteis & Copley PLLC's pro-rata share of fees and costs.

- Claimant Weisbrod Matteis & Copley PLLC's request for punitive damages is denied

- This Award resolves all issues presented for arbitration.


Dated: January 31, 2020




_____
Hon. Richard A. Levie (Ret.)
Arbitrator




23

## PROOF OF SERVICE BY E-Mail

Re: Weisbrod Matteis & Copley PLLC / Heckler, George
Reference No. 1410008117

I, Salvador Sauceda-Guzman, not a party to the within action, hereby declare that on  February 24, 2020,

I served the attached Final Award on the parties in the within action by electronic mail at Washington,

DISTRICT OF COLUMBIA, addressed as follows:

August J. Matteis Jr. Esq.
Stephen A. Weisbrod Esq.
Mr. Andrea J. Kotrosits
Weisbrod Matteis & Copley PLLC
1200 New Hampshire Ave, NW
Suite 600
Washington, DC   20036
Phone: 202-499-7900
amatteis@wmclaw.com
SWeisbrod@wmclaw.com
akotrosits@wmclaw.com
    Parties Represented:
    Andrea Kotrosits
    Shelli Calland
    Weisbrod Matteis & Copley PLLC

Mr. George Heckler
P.O. Box 22084
Charleston, SC   29413
Phone: 802-760-8395
heckler@together.net
    Parties Represented:
    George Heckler

Mr. David Rodkey
Dilworth Paxson, LLP
1500 Market St.
Suite 3500 E
Philadelphia, PA   19102
Phone: 215-575-7000
drodkey@dilworthlaw.com
    Parties Represented:
    George Heckler

Shelli L. Calland Esq.
Weisbrod Matteis & Copley PLLC
1200 New Hampshire Ave, NW
Suite 600
Washington, DC   20036
Phone: 202-499-7900
scalland@wmclaw.com
    Parties Represented:
    Weisbrod Matteis & Copley PLLC

I declare under penalty of perjury the foregoing to be true and correct. Executed at Washington,

DISTRICT OF COLUMBIA on February 24, 2020.

*Salvador SaucedaGuzman*
Salvador Sauceda-Guzman
JAMS
SSauceda@jamsadr.com